IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SAMA BLECHO NAH, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | No. 3:19-cv-0672-B (BT) |
| | § | |
| | § | |
| J. JOHNSON, | § | |
|     Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner Sama Blecho Nah, a native and citizen of Liberia, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging his continued detention in immigration custody pending his removal to Liberia. For the following reasons, the petition should be dismissed as moot.

I.

Petitioner challenges his continued detention in immigration custody pending his removal to Liberia. He argues his removal is not likely to occur in the reasonably foreseeable future, and that he has been detained beyond the time allowed by *Zadvydas v. Davis*, 533 U.S. 678 (2001).

On September 12, 2019, the Court ordered the Government to provide a status report on Petitioner's removal. The Court mailed a copy of this order to Petitioner at the Prairieland Detention Center, but on September 26, 2019, the order was returned to the Court as undeliverable because Petitioner is no longer

detained at the Prairieland Detention Center. *See* ECF No. 12. Petitioner has not provided the Court with any alternate address.

On October 3, 2019, the Government filed a status report stating it has been unable to obtain travel documents for Petitioner, and therefore Petitioner was released to supervision on September 13, 2019. (*See* ECF No. 13-1.)

## II.

The only relief Petitioner seeks in this action is release from immigration custody pending his removal to Liberia. A case becomes moot "if an event occurs during the pendency of the action that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party." *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992) (citing *Mills v. Green*, 159 U.S. 651, 653 (1895)); *United States v. Jackson*, 771 F.3d 900, 903 (5th Cir. 2014). Here, Petitioner's release to supervision provided him the relief he seeks in his petition. Therefore, the petition should be dismissed as moot.

## III.

For the foregoing reasons, the petition should be DISMISSED as moot.

Signed October 8, 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).